UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| ROBERT L. NELSON, aka JAMAL MYXZ,<br><br>                  Petitioner,<br><br>v.<br><br>WILLIAM GORE, et al.,<br><br>                  Respondents. | Case No.: 17cv2210 CAB (KSC)<br><br>**ORDER: (1) GRANTING MOTION TO PROCEED IN FORMA PAUPERIS; and (2) DISMISSING CASE WITHOUT PREJUDICE** |

On October 27, 2017, Petitioner, proceeding pro se, filed submitted a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) The Court dismissed the action on November 3, 2017 because Petitioner had failed to satisfy the filing fee requirement or submit adequate proof of his inability to pay the fee, and had failed to a cognizable federal claim or name a proper respondent. (ECF No. 2.) Petitioner was given until January 8, 2018 to either pay the $5.00 filing fee or file a motion to proceed in forma pauperis, and file a First Amended Petition that cured the pleading deficiencies outlined in the Court's Order. (*Id.*) On December 13, 2017, Petitioner filed a motion to proceed in forma pauperis and a First Amended Petition. (ECF Nos. 3, 5.)

## MOTION TO PROCEED IN FORMA PAUPERIS

Petitioner has $0.76 on account at the California correctional institution in which he is presently confined. Petitioner cannot afford the $5.00 filing fee. Thus, the Court

GRANTS Petitioner's application to proceed in forma pauperis, and allows Petitioner to prosecute the above-referenced action without being required to prepay fees or costs and without being required to post security. The Clerk of the Court shall file the Petition for Writ of Habeas Corpus without prepayment of the filing fee.

## ABSTENTION

The Petition must be dismissed because it is clear that this Court is barred from consideration of his claims by the abstention doctrine announced in *Younger v. Harris*, 401 U.S. 37 (1971). Under *Younger*, federal courts may not interfere with ongoing state criminal proceedings absent extraordinary circumstances. *Id.* at 45-46; *see Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 431 (1982) (*Younger* "espouse[d] a strong federal policy against federal-court interference with pending state judicial proceedings.") These concerns are particularly important in the habeas context where a state prisoner's conviction may be reversed on appeal, thereby rendering the federal issue moot. *Sherwood v. Tompkins*, 716 F.2d 632, 634 (9th Cir. 1983).

Absent extraordinary circumstances, abstention under *Younger* is required when: (1) state judicial proceedings are ongoing; (2) the state proceedings involve important state interests; and (3) the state proceedings afford an adequate opportunity to raise the federal issue. *Columbia Basin Apartment Ass'n v. City of Pasco*, 268 F.3d 791, 799 (9th Cir. 2001). All three of these criteria are satisfied here. It is clear from the petition that Petitioner is currently involved in ongoing criminal proceedings in state court. (*See* Pet. at 1-2, 7, 10.) Further, there is no question that the state criminal proceedings involve important state interests.

Finally, Petitioner has failed to show that he has not been afforded an adequate opportunity to raise the federal issues on direct appeal. Petitioner offers nothing to support a contention that the state courts do not provide him an adequate opportunity to raise his claims, and this Court specifically rejects such an argument. Indeed, Petitioner's claims of ineffective assistance of counsel and excessive bail are the just type of claims that the state courts provide an opportunity to raise on direct appeal. In addition,

Petitioner currently has a pending civil case pursuant to 42 U.S.C. § 1983 in this Court, case no. 17cv1913 GPC (KSC) in which he is pursuing his complaints regarding the circumstances of his arrest.

Because Petitioner has failed to demonstrate that extraordinary circumstances exist which would relieve this Court of its obligation to abstain from interfering with ongoing state criminal proceedings, his Petition is **DISMISSED** without prejudice. *Juidice v. Vail*, 430 U.S. 327, 337 (1977) (holding that if *Younger* abstention applies, a court may not retain jurisdiction but should dismiss the action.)

## CONCLUSION

For the foregoing reasons, the Petitioner's request to proceed in forma pauperis is **GRANTED** and the Petition is **DISMISSED** without prejudice because this Court must abstain from interfering with the ongoing state criminal proceedings pursuant to the abstention doctrine of *Younger v. Harris*, 401 U.S. 37 (1971).

**IT IS SO ORDERED.**

Dated: December 18, 2017

Hon. Cathy Ann Bencivengo
United States District Judge